■ JOSEPH S. CALABRESE, Appellant-Respondent, v TOWN OF LOCKPORT et al., Respondents, and WICKER LUMBER COMPANY, INC., Respondent-Appellant. [648 NYS2d 403] —Order unanimously affirmed without costs. Memorandum: This action involves a dispute over the priority of competing claims to a $40,750 fund held by defendant Town of Lockport as a stakeholder. The disputants are plaintiff, Joseph S. Calabrese, and defendant Wicker Lumber Company, Inc. (Wicker). Wicker has levied upon those funds as a judgment creditor of Athanasious C. Hrousis, who previously assigned the funds to plaintiff.

Plaintiff appeals from that part of an order that denied his motion for summary judgment seeking payment of such funds. Plaintiff contends that, as a matter of law, he holds a valid assignment to the funds and thus has priority over other claims. Wicker cross-appeals from that part of the order that denied its cross motion for the same relief. Wicker contends that, as a matter of law, plaintiff is the holder of an unperfected security interest in the funds that is subordinate to Wicker's claim as lien creditor. Additionally, Wicker contends that there are triable questions of fact with respect to whether the alleged transfer was made with actual intent to hinder or defraud creditors in violation of section 276 of the Debtor and Creditor Law.

We conclude that the April 27, 1995 transaction constituted an outright assignment of Hrousis' interest in the funds to plaintiff, as the source of repayment of a loan made by plaintiff

to Hrousis, not to secure some other means of repayment. We therefore conclude that the transaction is not a secured transaction governed by UCC article 9 (see, UCC 9-102 [1] [a]; [2]; see also, UCC 9-104 [f]). Nevertheless, we conclude that plaintiff failed to demonstrate his entitlement to judgment as a matter of law by showing that the conveyance was not intended to hinder, delay, or defeat the creditors' claims against Hrousis. In any event, by demonstrating the suspicious nature and timing of the transaction Wicker raised a triable question of fact concerning whether the transaction constituted a fraudulent conveyance. (Appeals from Order of Supreme Court, Niagara County, Rath, Jr., J. —Summary Judgment.) Present—Denman, P. J., Pine, Fallon, Wesley and Davis, JJ.